**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**SUSAN ESTRADA,**

**Plaintiff,**

**vs.** **CIVIL NO. 07-1290 WDS**

**MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. (Document 14) Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not disabled under Sections 216(I) and 223(d) of the Social Security Act. The Court, having considered Plaintiff's Motion (Document 14) and Memorandum Brief, (Document 15) Defendant's Response, (Document 16) Plaintiff's Reply, (Document 17) the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter is remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.

## I. Background

Plaintiff, who was born on July 30, 1947, worked as a test scorer, teaching assistant, and elementary teacher before the onset of her alleged disability. Tr. 88. Plaintiff applied for benefits on May 13, 2004. Tr. 81-83. She alleged that she became disabled on April 13, 2003. Tr. 81. Plaintiff's application was denied at the initial level, Tr. 59, and at the reconsideration level. Tr. 58. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on May

12, 2005. Tr. 62. The hearing before the ALJ was held on March 21, 2006, at which Plaintiff appeared with an attorney. Tr. 513-568. Plaintiff alleged that she was disabled as a result of pain in her lower back and neck, TMJ, chronic pain, chronic fatigue, fybromyalgia, depression, numbness in her arms and hands, and the side effects of medication. Tr. 526-7, 529, 532. In an opinion dated November 22, 2006, the ALJ rendered an unfavorable decision, finding that Plaintiff was not entitled to benefits. Tr. 27-36. Plaintiff then filed a request for review with the Appeals Council on December 1, 2006. Tr. 20. The Appeals Council denied Plaintiff's request for review on October 26, 2007, Tr. 4, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On December 21, 2007, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, this case was assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**II. Standard of Review**

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla,

but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## III. Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 29. The ALJ found at step two that Plaintiff had the severe impairments of fybromyalgia, osteoporosis, hypothyroidism, reactive arthritis, and degenerative disc disease in the lumbar and cervical spine. Tr. 30. The ALJ found that Plaintiff's psychological impairment was not severe. Tr. 30. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 31. At step four, the ALJ concluded that Plaintiff retained the physical RFC for light type work lifting 20 pounds occasionally and ten pounds frequently, standing and/or walking six out of eight hours per day, and sitting up to six hours in and eight hour day. Tr. 35. Psychologically, the ALJ found mild restrictions in activities of daily living, mild difficulty in maintaining social function, mild difficulty with concentration, persistence or pace, and no episodes of decompensation. Tr. 31. Given the RFC assessment, the ALJ found that Plaintiff could perform her past relevant work as an elementary teacher or test scorer. Tr. 35.

Plaintiff alleges the following errors: (1) The ALJ committed error in finding that the claimant did not have a severe psychological impairment at step-two. (2) The ALJ's Residual Functional Capacity (RFC) assessment was not supported by substantial evidence where the ALJ disregarded the opinion of the claimant's treating physician. (3) The ALJ committed error at step-four in finding that the claimant could return to past relevant work where he failed to apply the legal analysis required under the law and regulations.

## IV. Discussion

Then Court will address the first and third arguments raised by Plaintiff, as they are related. As an initial matter, the fact that the ALJ did not find Plaintiff's psychological impairment severe

at step two is, at best, harmless error. An impairment is “severe” if it “significantly limits [a claimant’s] physical or mental ability to do basic work activities.” 20 C.F.R. §§ 404.1520(c), 416.920(c). A claimant must make only a *de minimis* showing for her claim to advance beyond step two of the analysis. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). Thus, step two is designed “to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.” *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O’Connor, J., concurring). But a claimant is required to establish, and an ALJ is required to find, only one severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007) (rejecting argument that ALJ erred in failing to find an impairment severe at step two where the ALJ found other impairments were severe).

However, at step four, an ALJ must "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining [RFC]." 20 *C.F.R.* 404.1545(e), 416.945(e); see also *Social Security Ruling* 96-8P, 1996 SSR LEXIS 5, 1996 WL 374184, at *5. This means that at step four the ALJ was required to consider the limiting effects of Plaintiff’s physical RFC combined with the limiting effects of Plaintiff’s non-severe psychological impairment, i.e., mild restrictions in activities of daily living, mild difficulty in maintaining social function, mild difficulty with concentration, persistence or pace, and no episodes of decompensation.

At the hearing, the ALJ posed a hypothetical to the vocational expert (VE) which included both Plaintiff’s physical RFC and her psychological limitations. Tr. 559-60. The VE responded by stating that the mild psychological limitations would preclude Plaintiff from returning to her past relevant work as a teacher or test scorer. The VE explained that these were both skilled positions and that even a mild limitation in activities of daily living would cause her to lose her concentration

and focus. Tr. 560.

In his opinion, the ALJ found that the Plaintiff had the non-severe psychological limitations which the VE testified would preclude her from performing her past relevant work. Notwithstanding the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work. The ALJ did not resolve the conflict between the testimony of the VE and his conclusion at step four. This requires this matter to be remanded for further proceedings.

Plaintiff's second allegation of error is that the ALJ improperly disregarded the opinion of the claimant's treating physician. The Court notes that there was a substantial amount of medical evidence submitted by Plaintiff after the hearing with the ALJ, including evidence relating to Plaintiff's alleged psychological impairment. Tr. 7-8. In view of the fact that this matter is being remanded on other grounds, the Court elects not to address Plaintiff's second allegation of error, leaving the Commissioner to consider the entirety of the medical record on remand.

## V. Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #14 ] is **GRANTED,** and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**